PICKETT, Judge,
dissenting.
LI respectfully dissent. The majority finds that the defendants-appellants should be denied a trial because their attorney mailed the answer to the trial judge’s office and not the clerk of court, and that the trial court did not abuse its discretion in denying a motion for a new trial after learning of these facts. While I agree that there are no peremptory grounds for the granting of a new trial pursuant to La.Code Civ.P. art. 1972, I would find the trial court abused its discretion in failing to grant the new trial based on the circumstances in this case.
The supreme court in Lamb v. Lamb, 430 So.2d 51 (La.1983), held that a court must carefully examine the facts and circumstances of a case to determine if a motion for a new trial is properly granted or denied on discretionary grounds pursuant to Article 1973. In Lamb, 430 So.2d at 53, the supreme court stated:
With respect to cases, such as the one at bar, wherein a timely motion for new trial is denied after the proper confirmation of a default judgment, this court has been particularly cautious in examining the circumstances underlying the judgment due to the general policy consideration, weighing in the defendant favor, *1286 that every litigant should be allowed his day in court.
The evidence in this case clearly suggests that the failure to file an answer timely is due solely to the error of the defendant’s attorney. I would find that the defendants are entitled to a trial on the merits and reverse the judgment denying the motion for a new trial.